**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYD LUMAN; JOEL AMKRAUT, | No. 14-15385 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-00656-KJM-AC |
| v. | |
| JOE THEISMANN; NAC MARKETING COMPANY, LLC, DBA New Vitality, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted March 16, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Plaintiffs Floyd Luman and Joel Amkraut appeal the district court's order

granting Defendants NAC Marketing Company, LLC's ("NAC") and Joe

Theismann's motion to dismiss Plaintiffs' complaint brought on behalf of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

putative class for lack of standing under Federal Rule of Civil Procedure 12(b)(1). Plaintiffs allege (i) violation of the Magnuson-Moss Warranty Act, (ii) breach of express warranty, (iii) breach of implied warranty of merchantability, (iv) breach of implied warranty of fitness for a particular purpose, (v) unjust enrichment, (vi) violation of the California Consumers Legal Remedies Act ("CLRA"), (vii) violation of California Unfair Competition Law, and (viii) violation of California's False Advertising Law in connection with NAC's sales of its Super Beta Prostate ("SBP") product. They request declaratory and injunctive relief, compensatory and punitive damages, and restitution.

The district court held that Plaintiffs' individual claims for monetary relief were rendered moot when NAC refunded Plaintiffs' money to their credit cards. The district court further held that Plaintiffs lacked standing to pursue injunctive relief because they could not demonstrate a likelihood of future injury. The court reasoned that because Luman's individual claims were moot before he filed his complaint, class certification of the putative class could not relate back to the original complaint. The court further reasoned that Amkraut's claims were moot and not transitory because such claims would not expire before the court could rule on class certification. Nor could the court conclude that Defendants' litigation

2

strategy was to "pick off" lead plaintiffs. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

**1.** The district court did not err in dismissing Luman's individual claim for monetary relief. Luman filed his complaint two months after he received a monetary refund from NAC, and therefore no longer met the injury-in-fact requirement for standing at the time he filed his complaint. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732-33 (2008) (noting that at the commencement of the litigation plaintiff must satisfy the elements of standing including an injury-in-fact, traceable to the defendant's behavior, that is redressable by the court); *O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974) (holding that past exposure to illegal conduct does not establish standing such that a purported named plaintiff may seek relief on behalf of himself or the class); *see also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action . . . adds nothing to the question of standing . . . ."). Though the district court dismissed Luman's claims as moot, Luman never had standing to pursue monetary relief in the first place. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("'The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its

existence (mootness).'") (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)).

In contrast to Luman's claim, Amkraut's individual claim for monetary relief was unpaid when he joined the lawsuit. Amkraut therefore satisfied the injury-in-fact requirement and had standing to sue. *See Davis*, 554 U.S. at 732-33. The remaining question is whether the district court erred in holding that Amkraut's claim became moot when NAC issued him a refund. Subsequent to the district court's decision, the Supreme Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). Under basic contract principles, a settlement offer or offer of judgment, once rejected, has no continuing efficacy. *Id.* at 670. Because of this change in law, we vacate the portion of the district court's decision dismissing Amkraut's individual claim as moot and remand for the district court to reconsider in light of *Campbell-Ewald*.

**2.** The district court did not err in determining that Plaintiffs lack standing to pursue injunctive relief. To maintain standing, Plaintiffs must show a sufficient likelihood that they will be injured by NAC again in a similar way and that the future injury can be redressed by injunctive relief. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Because Plaintiffs do not allege that

4

they intend to purchase SBP in the future, they cannot demonstrate a likelihood of future injury. *See Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1113-14 (9th Cir. 2013) (holding that because a plaintiff did not intend to have further eye surgery, he did not have standing to pursue injunctive relief under the California CLRA); *Bates*, 511 F.3d at 985. Therefore, the district court properly dismissed Plaintiffs' claims for injunctive relief.

**3.** Because Theismann is merely the celebrity spokesperson for NAC and not the seller of SBP, the district court properly dismissed the claims against him.[1] *See* Cal. Com. Code § 2103(1)(d) (defining a seller as "a person who sells or contracts to sell goods"). Theismann never held title to SBP nor passed title to Plaintiffs. *See id.* § 2106(1) ("A 'sale' consists in the passing of title from the seller to the buyer for a price."). Therefore, we affirm dismissal on alternate grounds only as to defendant Theismann based on Plaintiffs' failure to state a claim against him under Federal Rule of Civil Procedure 12(b)(6).

**4.** Though we may affirm on any ground supported by the record, we are not obliged to do so. *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993). We make no determination on the merits of NAC's remaining

---

[1]We may affirm the dismissal of Plaintiffs' claims on any ground supported by the record. *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993).

Rule 12(b)(6) motion for failure to state a claim. The district court should have the first opportunity to evaluate that motion.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**